UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CARL LEE OLIVE | * | CIVIL ACTION NO. 16-559 |
| | * | |
| | * | SECTION: "N"(1) |
| VERSUS | * | |
| | * | JUDGE KURT D. ENGELHARDT |
| | * | |
| NANCY A. BERRYHILL, ACTING | * | MAGISTRATE JUDGE |
| COMMISSIONER OF THE SOCIAL | * | JANIS VAN MEERVELD |
| SECURITY ADMINISTRATION | | |
| ************************************** | * | |

REPORT AND RECOMMENDATION

Before the Court is the Motion for Attorney Fees filed by plaintiff Carl Lee Olive (Rec. Doc. 26) and referred to the undersigned by the District Judge (Rec. Doc. 28). For the following reasons, it is RECOMMENDED that the Motion be GRANTED.

Background

On January 22, 2016, Mr. Olive filed a Complaint to review the decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1381. The undersigned issued a Report and Recommendation recommending that the Motion for Summary Judgment filed by the Commissioner be denied, that the Motion for Summary Judgment filed by Mr. Olive be granted, and that the matter be reversed and remanded for further proceedings. The District Judge adopted the Report and Recommendation and issued judgment in favor of Mr. Olive on April 28, 2017. Mr. Olive seeks his attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412. The Commissioner does not oppose.

Law and Analysis

Under the EAJA, the Court shall award fees and other expenses the prevailing party in a civil action against the United States, unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). When the district court remands a Social Security appeal to the ALJ for further findings, the Social Security claimant qualifies as a prevailing party for purposes of fees under the EAJA. See Breaux v. U.S. Dep't of Health & Human Services, 20 F.3d 1325 (5th Cir. 1947); Thibodeaux v. Astrue, 914 F. Supp. 2d 789, 791 (E.D. La. 2012). There is no dispute that Mr. Olive is a prevailing party entitled to an award of fees under the EAJA.

Mr. Olive proposes an hourly rate of $175 for the attorney fees award, and the Commissioner does not oppose this rate. Attorney fees awarded pursuant to the EAJA are capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D). Mr. Olive asserts that the prevailing rate under the EAJA is currently slightly more than $190.00. The United States Court of Appeals for the Ninth Circuit posts a schedule of the maximum EAJA each year accounting for "[a]ppropriate cost-of-living increases," which it calculates "by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI–U") for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005). For work performed in 2016, the posted maximum hourly rate is $192.68. See Statutory Maximum Rates Under the Equal Access to Justice Act, United States Courts for the Ninth Circuit (Aug. 8, 2017, 11:48 AM), https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. In

considering the maximum hourly rate, courts in this district have also considered the increase in the cost of living using the consumer price index. See, e.g., Cook v. Berryhill, No. CV 17-1142, 2017 WL 2821907, at *4 (E.D. La. June 14, 2017), report and recommendation adopted, No. CV 17-1142, 2017 WL 2812924 (E.D. La. June 29, 2017); Kolb v. Colvin, No. CV 13-5085, 2016 WL 258621, at *2–3 (E.D. La. Jan. 21, 2016).

Of course, the statutory cap is a maximum and the actual award may be at a lower rate. For example, in recent years, courts in this district have regularly awarded attorney fees in Social Security appeals at an hourly rate of $175. See, e.g., Cook, 2017 WL 2821907, at *4; Lasserre v. Berryhill, No. CV 15-6934, 2017 WL 914644, at *4 (E.D. La. Feb 16, 2017), report and recommendation adopted, No CV 15-6934, 2017 WL 897841 (E.D. La. Mar. 7, 2017); Kolb, 2016 WL 258621, at *2–3 (E.D. La. Jan. 21, 2016); Joiner v. Colvin, No. CIV.A. 14-1315, 2015 WL 6442710, at *1 (E.D. La. Oct. 23, 2015). In light of the maximum rate calculated using the consumer price index and the rates awarded by other courts in this district for similar matters, the Court finds that Mr. Olive's proposed hourly rate of $175 per hour is appropriate.

Mr. Olive claims that his counsel spent 23.3 hours in preparing his case. An itemization of his counsel's time is included. The Court finds the time spent to be reasonable. Further, the Court notes that the Commissioner does not challenge the reasonableness of the hours spent by Mr. Olive's counsel. Thus, Mr. Olive's proposed award of $4077.50 is appropriate.

## Recommendation

For the foregoing reasons, it is RECOMMENDED that the plaintiff's motion for attorney's fees be GRANTED and that plaintiff be awarded $4077.50 in reasonable attorney's fees.

Objections

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 18th day of August, 2017.

                                                Janis van Meerveld
                                     United States Magistrate Judge